IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT J. ALEXANDER, | ) | No. C 08-2987 MMC |
| Plaintiff, | ) ) | **ORDER DIRECTING PLAINTIFF TO FILE** |
| v. | ) ) | **COMPLETED IN FORMA PAUPERIS APPLICATION OR PROVIDE COURT** |
| STATE OF CALIFORNIA, et al., | ) ) | **WITH SWORN DECLARATION AS TO WHY HE IS UNABLE TO DO SO** |
| Defendants. | ) | |
| _____ | ) | |

On June 17, 2008, plaintiff, a California prisoner incarcerated at the Santa Rita County Jail, and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. That same date, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. In said notice, plaintiff was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the Court's IFP application, instructions for completing it, and a return envelope.

On June 27, 2008, plaintiff filed an IFP application; such application is deficient, however, because it does not include (1) a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer of the institution, and (2) a trust account statement showing transactions for the last six months. The instructions for completing the IFP application make clear that such documentation must be included with the application. On the bottom of the page containing said instructions, however, plaintiff writes that he has been incarcerated for less than six months and that Santa Rita County Jail officials will not process his IFP application for him.

Good cause appearing, the Court will grant plaintiff one further opportunity to file a

completed IFP application that includes a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer of the institution, and a prisoner trust account statement showing transactions either for the last six months or, if plaintiff has been incarcerated for less than six months, for as long as he has been incarcerated.

If, alternatively, plaintiff contends he is unable to complete the IFP application because of non-compliance by jail officials, he must provide the Court with a sworn declaration made under penalty of perjury, documenting what efforts he has undertaken to obtain the requisite documentation, including the names of the jail officials that refused to obtain such documentation for him.

Plaintiff must file the completed IFP application or sworn declaration within **twenty (20)** days of the date this order is filed. The failure to do so will result in the dismissal of this action without prejudice.

The Clerk is directed to provide plaintiff with a blank copy of the Court's prisoner IFP application, instructions for completing it, and a return envelope.

IT IS SO ORDERED.

DATED: July 17, 2008

MAXINE M. CHESNEY
United States District Judge