IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER, | No. C 08-2987 MMC |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

On June 17, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

Plaintiff alleges his constitutional right to due process was violated by an unlawful arrest that led to the revocation of his parole and subsequent incarceration by the State of California. He seeks monetary damages and injunctive relief.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff's damages claim is governed by the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id.

Heck's rationale bars a claim for damages that calls into question the validity of a prisoner's confinement resulting from an unlawful arrest, see Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006), or from constitutional violations that occurred at a parole revocation hearing. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (holding Heck bars § 1983 action challenging revocation of supervised release). As plaintiff claims herein that his current confinement has resulted from an unlawful arrest that led to the revocation of his parole, his § 1983 damages claim is barred until such time as the parole revocation has been reversed, expunged, set aside or otherwise called into question. Accordingly, plaintiff's damages claim will be dismissed. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (holding claim barred under Heck may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).

Plaintiff's claim for injunctive relief also will be dismissed, as plaintiff can seek release from his current term of confinement only by filing a federal petition for a writ of habeas corpus, after he has exhausted his state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")

1    For the foregoing reasons, the above-titled action is hereby DISMISSED without
2 prejudice.
3    The Clerk shall close the file.
4    IT IS SO ORDERED.
5 DATED: August 19, 2008

_____
MAXINE M. CHESNEY
United States District Judge